Good morning. May it please the Court, Anthony Bornstein on behalf of Kelly Vosgien. Could you speak up just a little bit, please? Thank you. Yes, Your Honor. I didn't have the microphone quite where it should be. How does the appellant pronounce the name? Vosgien. Vosgien. Thank you. Your Honors, if I could just take a minute at the beginning to kind of give a context to our claim of innocence in this case. In the criminal proceedings, you had a defendant who was facing just enormous sentencing exposure. If convicted, likely die in prison. He had a prosecutor who was taking a very hard line in negotiations. And he has a defense attorney who really just walks him in and pleads him to the indictment or the information because they waived indictment. And in doing so, not only conducts no discernible investigation or real defense effort, but simply just makes a plea for mercy in the sentencing. And that's as near as we can tell from this record the extent. Let me cut to the chase. Yes, we don't have a lot of time, so we have other questions. Okay. We know he's actually innocent of the compelling prostitution. There's no showing he's actually innocent of anything else. Why does he get relief on anything other than the compelling prostitution? Well, Your Honor, I think that the question still remains, you know, how large a gateway the Petitioner has to make in order to have all the claims heard. And we submit that the Court, by finding actual innocence as to three of the crimes, he's established a miscarriage of justice, as that term is used. Well, okay. But then you're even jumping a little bit there, because in terms of it involves his daughter or whatever, correct? And so he's actually innocent. Now they've changed what the elements of the prostitution are as far as. But he's got, those charges are concurrent to significant charges against his daughter. And so what Judge Silverman's saying is, so we know that what he would have gotten on the charges that he's not actually innocent. And I don't see, he isn't claiming actual innocence on those. And so you're asking then to make the gateway that he can attack everything. And I don't know what relief would he get anyway. Why isn't this just moot from the standpoint that the ones that he's actually innocent of, they're concurrent to the other charges? What relief can he really get here? Well, he's not necessarily seeking ultimate exoneration, such as in a jury trial. We know from the Lafler and the Frye cases that there's an imperative for effective assistance at the negotiation and the pretrial representation phase. And he's seeking to establish actual innocence as a gateway to have his claims heard, so that he can raise. But he wants to raise claims as to charges he doesn't have proof of actual innocence on. That's correct. And the ones where he has actual innocence, it's a concurrent sentence to the other ones. So you're asking us to make the schlup gateway a freeway to go after things that he has no claim of actual innocence on. And that it looks like a fairly strong likelihood that he couldn't even get, that he can't get any relief from, because the actual innocence charges are concurrent to the other charges where he has no evidence. Well, the innocence would be the gateway to a claim challenging, yes, the entire gamut of the charges, but as a means of raising a type of Lafler or Frye type of claim as to the ineffectiveness. I mean, what you're trying to do is use his actual innocence from accounts of compelling prostitution. I don't think there's any question about whether he's actually innocent of those crimes. His Federal habeas petition is late. If actual innocence can be shown as to account, we know that that's a schlup gateway that allows him to excuse the lateness and then raise whatever procedural arguments he has on the merits of his habeas petition. We've got that. But I have to say, I still don't understand why you should get excuse from the lateness as to the claims as to which he makes no claim of actual innocence. It's that link that I'm having trouble with. No, and I understand the Court's kind of conceptual concern on that. I think where the district court erred is making a type of kind of comparative miscarriage of justice analysis. Yes, there are cases that may bear or demonstrate a more compelling case of actual innocence, such as the prototypical case of someone who just isn't the right person. He didn't do it. Yeah, sure. And on the continuum of cases, certainly this isn't as compelling as that case. So the question remains, you know, how wide does the gateway open up? And we don't necessarily and don't agree that it would be a freeway, but it would be a means of challenging and bringing meritorious constitutional challenges to the underlying convictions. Which no one ever saw fit to do within the statute of limitations, right? Well, we have what we call in Oregon, in the vernacular perhaps, is a two-year, one-year trap, and which the Court has addressed in Ferguson. But we had a timely post-conviction petition in State court under which the petitioner filed a timely State challenge only to be then laid under the Federal statute. Is there any way that your client can proceed under Oregon law to seek a vacation of his concurrent sentence for compelling prostitution in light of the Oregon court of appeals decision in State v. Vargas-Torres? Is there a way to do that? It seems to me that there would be. To just vacate those? Well, that under, that to proceed under Oregon law to vacate, you know, because, what, State v. Vargas-Torres is the basis for why he can't be convicted of those. Is there a way to do that apart from habeas? There might be a way for perhaps in a State successive post-conviction petition, it might be possible to do that. But it really doesn't help him any, right? Pardon me, Your Honor? It really wouldn't help him any. I mean, he might walk a little taller in the prison. You know, now he's got these things off his record, but he doesn't reduce it. One day he has to serve. Wouldn't reduce it by a day. You're right. Unless the Court has further questions, I'd rely on my briefs. Thank you very much, Mr. Marstein. Good morning. Good morning. May it please the Court, my name is. Mr. Marstein, did you leave your notes on the other? Is that your pad there? Yeah, there we go. Okay. There we go. Kathleen Segle for Rob Persons, Superintendent. Two quick housekeeping matters on the brief. They aren't critical, but footnote 5, where we talked about Lee v. Lampert, we were making an argument that actual innocence has not decided yet to apply to excuse untimeliness. But as the Court knows, I'm sure McQuiggan v. Perkins has put the stake through that argument, so we are not relying on that. Footnote 6 is an easier one. Both of the statutes referenced there are the 2006 version of the prostitution statutes, but I neglected to note that for both of them. So as I say, not critical. Is there a way that Mr. Vosian can challenge as a matter of Oregon law to seek vacating these concurrent sentences after the Oregon court of appeals decided State v. Vargas Torres? I, the only, when you ask the question, the only answer I came up with was the same one that Mr. Bornstein came up with is possibly a successive petition. But I think in that case, you would probably end up running into a retroactivity problem. Well, can the prosecutors move to set something aside? I mean, I was a prosecutor and, you know, and I've seen cases, you know, I don't know what all the facts are in the cases that I've seen, whether there was some sort of bar as far as that goes, but I would like to believe that prosecutors don't generally like to have people convicted of crimes that are later determined not to be crimes. I agree with you on that, Your Honor. Let me, there, he could petition the Governor to set it aside, to commute it, which would probably be the. Could you stipulate in the trial court to vacate the compelling prostitution? I'm sorry, I didn't hear. Could we? Could you stipulate in the State court in the trial court to vacate the compelling prostitution convictions? Did we or could we? Could we. Could you? Could we. We could probably work out a settlement on that. Well, I don't see why you couldn't, because it's not a jury verdict either. It's a plea. That's true, but let me. So you could then go in and say, well, the basis of the plea is no longer it. He can't be convicted of that because the law says he can't be. That's correct. But we're in a Federal habeas case. We, the situation is a little different. Well, I know, but we're discussing a broader picture. And I'm, you know, as I asked with counsel for the appellant, I'm saying he wants to, you know, he's asking to make, you know, I said, I used the analogy to make the schlup gateway a freeway and attack everything. But the question is, you know, and I'm asking really, is there, if he got concurrent sentences on the one that he's actually innocent, what relief could he get on habeas? The only thing I think he could get is a vacation of the convictions. And as you said, Your Honor, he, you know, then has a vacation. So that's not less of a sentence. So we're not really giving him any relief, right? Well, I agree with you. As a practical matter, I don't think that's relief. I can't speak for Petitioner. But I think that he, it may be very important to him to have those convictions off his record. I personally can't imagine it, but that's not for me to say. I'm just, I don't see why the State would even leave him on his record if they don't belong on his record. You're being nudged to say we'll be happy to go back to the state trial court and move for a removal of those convictions based upon a crime that doesn't exist on the facts that he did. Well, and I understand that. And I can see where that might be a perfectly, if there's a mechanism to do it, which is off the top of my head, I'm not sure. But we could, the thing that bothers me about doing that, though, if I could just real quickly, this was a plea bargain that was arranged. At the time that it happened, it was not known that this was a crime that he could not plead to. The State, as part of the plea agreement, agreed not to bring additional charges. The obvious charges that they could have brought on the facts that this man admitted committing, that he had sex with his minor daughter, those three compelling prostitution counts could easily have been three counts of rape in the first degree. This is why I hesitate to simply say, well, we'll just throw it out, which is not to say that we won't consider doing that, Your Honor. But I think that's when I said we're in Fedhave, which is a little different creature. Well, I guess, I guess what, I would expect that you would know whether you could or you couldn't, and you don't really know whether you can or you can't, right, or what you do as a general process and something like that. We have in the past settled certain cases on situations. I can't remember anywhere we've had something like this. I know we fought it tooth and nail in Ritchie v. Blackiter, which we ultimately lost. In fairness to you, did they ever ask you to enter into a stipulation like this? You know, I was not the trial attorney. To the best of my knowledge, there was no discussion of settlement. Well, and also, in defense, you know, I'm pushing you a little bit on this, but I can also defend you a little bit on this, that you didn't have the benefit of the Supreme Court saying that actual innocence was a wedge in AEDPA until we're here now. Yes. So wait. So it's probably okay that you can't answer all my questions. What do we have in the record about the course of the plea bargaining? The reason I'm asking this question is that the Supreme Court in Boosley says that we look at actual innocence in a plea in light of what might or might not have happened during the plea bargaining. And if it's apparent that the charges were reduced in return for taking a plea, as to which defendant now claims innocence, that's not actual innocence under Boosley. So I'm asking you, what is there in the record to show that charges were not brought because of the way the bargain was struck or charges were reduced? I see nothing in the record to show that charges brought were dismissed. That's correct, Your Honor. Is there anything in the record that tells us about the course of plea bargaining that leads up to what the charges are? It's very skinny, because this was never really an issue. And, in fact, I noted in the red brief that at the actual change of plea transcript, Petitioner's attorney asked the Court not to go into the facts, because it's a sensitive case. So there's not a lot on the record. But what we do have are ---- You should be able to tell by the dates of the incidents, though, whether it's a separate incident than the ---- They are alleged specifically as each incident, each charge is alleged as being separate. And that's something that the Petitioner agreed to as part of the plea offer. The plea offer is in the record at ER-110, and that specifically provides ---- Hang on a second. I'm slow. ER-110? Yes. Okay. I got it. So they had a written plea offer that he would plead guilty to all counts. He's waiving indictment. So the information follows from the plea offer process. He has to stipulate to separate criminal episodes, and the State won't file additional charges. So he's agreed to this. So what you're saying is the prostitution, whatever the act was under that, was a different date than the rape. The information ---- Do you see what I'm saying? Because you could ---- it could be the same ---- the rape could be the same thing as the prostitution, and at that time you could charge it separately. But the act that he committed on his daughter was ---- if it was on a different date, then we know that we're talking about a different act, probably. I don't think that's correct, Your Honor, because if you go to ER-63, which is the D.A.'s, the amended information, it specifically alleges the first one, they give a date range, but for each count they start with the first one, which is compelling prostitution. The second one, it's not part of the same criminal episode as alleged in count 1 above. And every single count as you go through says not part of the same criminal episode as counts 1 and 2. Count 3 says not part of the same criminal episode as alleged in count 1, 2, and 3 above. So they specifically ---- So what you're saying is even though he may not be guilty of that crime of prostitution, the fact that there could have been another ---- since it's a different criminal episode, he could have been charged with a different section of a crime that he would be guilty of. Exactly. And as I said, the obvious crime, because in his plea petition, the last thing to tie these three things together is at excerpt of record 66, they did one for the compelling prostitutions, one for the rapes in the first degree, and then a separate one for the sodomies and the sex abuse against the second victim. But the compelling prostitution says, I gave money to, and it has Kelly Vosgeen, which is him instead of his daughter Tiffany, whose name is in the information, in exchange for sex, and she was a minor. And we know from the record that she was his daughter. Yeah. I'm reading from Boozley where the Court says, In cases where the government has forgone more serious charges in the course of plea bargaining, petitioners showing of actual innocence must also extend to those charges. I'm having trouble understanding what the Court means sort of in the real world, because prosecutors have such discretion as to charging that it's almost always going to be the case that the prosecutor could charge more heavily. So what does the Court mean by forgone more serious charges in the course of plea bargaining? Does that mean charges that are sort of actually on the table and being discussed, or sort of charges that are off there, maybe we could bring, but maybe we don't? And how much evidence do we need for Boozley and then innocence of what the government or what the State did or did not forego? I see the – this is the – obviously, this is the State's document in the offer, plea guilty to all counts. That is to say, the counts are already in the record. These are the charges, right? Well, that's – I'm out of time, Your Honor. Let's let your question then wrap up. Yeah, yeah. So these are the charges that are – that have already been brought? That I do not know. Let me just see if I can figure it out, because this – looking at the paperwork that we have here, this has all the earmarks to me of a charging bargain, where they decide ahead of time what the charges will be, and then the information is filed. And, in fact, it's in one of these cases. I know such bargains do exist. You know, if I were to say, looking at it, okay, you have her – he raped her. He gets convicted of raping her, right? Yes. And rape is without consent, basically, everywhere that you – Not in Oregon. So this is because of her age? And because she is his daughter. Okay. All right. So then there's that. Then the other one is sex for money, which would – so what you're saying is that could be rape in Oregon because of her age, even though she consented for money? Yes. That I've got the sex. Does a rape charge have a higher sentence than giving her money for sex? Rape one is a Class A felony. Compelling prostitution is a Class B. But if he had sex with her, that could have been charged as a rape because of her age in your State? Her age and the relationship. Okay. Yes. Yes. It's specifically under 16 and a child of the country. So you could – if it's a separate episode and all of that's the same, you could infer that that could have been charged as a rape and not just – Yes. And I think that's correct. So I think it's under Bosley, the Petitioner's burden to show. Bosley is a weird case because there's only the one count. So they talk about foregone charges, and then they talk about dismissed charges. And the dismissed may mean because there's just in this particular case just one. But foregone, I think when you've got facts like this where it's clear that the State has agreed not to bring more charges that they could have brought, and the child said this happened 20 times, so they've undercharged him for already where it could have been worse. Well, prosecutors always undercharge in the sense that it's always available to charge more heavily. It may be under the circumstances here that we can say that the record in front of us is not fully developed such that we can make up our mind and leave it for more evidence to come in at the district court if he wants to go through this. Because what we have is kind of a fragmented record. It could very well be exactly as you say – it kind of smells that way – that this is a charging bargain rather than after all the charges, you know, the indictment is done. But I'm a little hesitant based on the little I have here in front of me to say for sure that that's what went on. Well, in fact, that's one of the things I was going to suggest today is that the best the Petitioner can get out of this is a revand to the district court to flesh out these Bosley issues. Can he show that he's actually innocent of the – I have another question. Innocent of what? I didn't hear the answer. Of the charges that the – the foregone charges in Bosley terms. If it's a separate episode, in – can – does Oregon law provide for consecutive sentences of separate episodes? Yes. And I'm sure that's why it was charged that way, because that's what the prosecutor was asking for. But he got – but so – so under Bosley, he would essentially have to show that if – let's say he would have to rebut that it could have been charged as a rape, that he could have been charged consecutively, and that was what was foregone by virtue of it. So he's not actually – so he wouldn't satisfy the actual innocence because he – if he can't rebut that as well. I don't think he would have to deal with the consecutively. But the two charges, yes. He would have to show that the prosecution – But that's foregone in the plea bargain. If you agreed – if you agreed to that – he got a consecutive sentence out of that with the ones that were charged with rape. So they – so the prosecutor arguably forewent as part of the plea bargain, charging – you know, charging him consecutively, and that's one of the things that he said. He was faced with a million years, and so he decided to plead for half a million years. That's where I think we're going past each other. So the charges are alleged in a way that the prosecutor could argue for consecutive sentences at sentencing. The fact that they were alleged as separate criminal episodes is what allows the argument. Exactly. And so that would be part of his burden in showing actual innocence, wouldn't it? Wouldn't it be that not only that there wasn't something foregone, he'd have to plead, you know, that he was – so he's not actually innocent because they could have charged him with rape, and it could have been charged consecutively. And that's the second piece. I agree with you on the first piece, that he could have been charged with the rape line. Okay. The State did not forego the possibility of consecutive sentences, though, given the way the information is pled. So I don't want to argue with you, and I'm giving something up here, but I kind of hate to do it. Okay. They are charged in a way that the State did not forego the possibility of consecutive sentences in this. Okay. We're way over your time. Let me see if there are any other questions, and if not, we'll. I'm okay at this point. Thank you. Thank you. Thank you. Of course. Well, he – yeah. Your Honor, I would just add that I believe a remand, as the Court has indicated, as a possibility would be a positive result, and we would endorse that. To show what exactly? Remand for what purpose? Remand to show actual innocence of any charge as per our burden of what might have been foregone. So you're conceding that you didn't show actual innocence on those points right here? Am I conceding? I'm sorry. I want to make sure I'm careful. Well, if – first off, you're saying he's actually innocent. You're asking that you want to go – you want us to say all of this – that you want to say he's satisfied slup and that he gets to – and that it's to all of the charges. But now what I'm hearing you say, if a remand would be that we're not even saying that you've made the gateway because you haven't met your burden to show what was – you just approached it from the standpoint saying he's actually innocent because this is no longer a crime. They're saying you didn't meet your burden because they – because you didn't also show that he wasn't guilty of other crimes. Well, I – and I just frame it in the alternative, Your Honor, that we stand on our brief as to our primary position on how wide the slup gateway opens, but in the alternative would endorse the remand as a secondary position. Yeah. Rather than our simply finding that it looks as though they forewent some charges and therefore you're not even innocent as of these in the sense of the slup gateway.  I got it. Thank you, Your Honor. Thank you. Thank you. The case is disargued.
judges: Silverman, Fletcher, Callahan